IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff(s)**<br><br>v.<br><br>RIGOBERTO RODRIGUEZ RIOS,<br><br>**Defendant(s)** | **CRIMINAL NO.** 06-019 (JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is a Motion to Suppress and a Motion to Dismiss Indictment filed by defendant Rigoberto Rodriguez Rios ("defendant"), the first claiming that all the evidence seized by Puerto Rico Police Department ("PRPD") officers when they executed an arrest warrant on December 20, 1995 was the product of an illegal search and seizure and should therefore be inadmissible, and the latter claiming that the indictment should be dismissed due to the government's interference with the availability of a material witness. (Docket Nos. 41, 47). Both motions were referred by the Court to Chief Magistrate-Judge Justo Arenas for hearing and report and recommendation. (Docket No. 48).

Upon de novo review of the Magistrate-Judge's Report and Recommendation (Docket No. 60) and defendant's objections thereto (Docket Nos. 61, 64), the Court finds no reason to depart from the

Magistrate-Judge's recommendations and accordingly **DENIES** the Motion to Suppress and the Motion to Dismiss the Indictment.

## DISCUSSION

I. Standard of Review

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. See 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). When timely objections to the report and recommendation are filed, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F. Supp.2d 152, 154 (D.P.R. 1998). In this case, the defendant filed timely objections to the report and recommendation and, outside the time period prescribed, filed a supplementary motion with additional objections. Since the government did not object to the filing of the supplementary motion, the Court will consider it together with the original motion containing objections to the Report and Recommendation.

Criminal No. 06-019 (JAG)                                              3

II. <u>Defendant's Objections</u>

Defendant argues that Manzo Garcia was the occupant of the Cordillera Ward apartment where the arrest took place. He sustains that since he was only an overnight guest at a third-party home, the arrest warrant executed upon his person was insufficient for the PRPD officers to seize the illegal items they attach to defendant. Defendant cites <u>Steagald v. U.S.</u>, 451 U.S. 204 (1981), to support his contention. In <u>Steagald</u>, the U.S. Supreme Court held that, absent consent or exigent circumstances, law enforcement officers may not search for the subject of an arrest warrant in the home of a third party without a search warrant to that effect. In other words, an arrest warrant by itself does not authorize agents to enter a third-party home unless the occupant consents to the entry or there are exigent circumstances that require the entry. According to defendant, because the agents only had an arrest warrant and neither of the exceptions to the search warrant requirement was present, the agents did not have the authority to enter Manzo Garcia's apartment to arrest him; a search warrant was required.

The Court has reviewed the parties' filings and the transcript of the Suppression Hearing held before Magistrate-Judge Justo Arenas. Based on the evidence presented, the Court finds that the PRPD officers believed upon information that the apartment was occupied by the defendant. An informant had told the officers that

Criminal No. 06-019 (JAG)                                                4

the defendant lived at the Cordillera Ward apartment where the arrest took place. Moreover, the information the agents received was confirmed by the defendant upon being arrested since he gave the agents the Cordillera Ward address as his actual address. Contrary to what defendant would like the Court to conclude, the fact that the agents had previously tried to conduct the arrest at a different address does not render the agents' belief that the defendant now lived at the Cordillera Ward apartment unreasonable. Although defendant argues that the rightful occupant of the apartment was Manzo Garcia and not him, the evidence is unclear as to whether defendant was permanently living in the apartment or if he was just an overnight guest. However, regardless of the actual living arrangement, the agents had reason to believe that the defendant was living there at the time of the arrest. Since there was reasonable belief that the suspect lived at the apartment where the arrest warrant was executed, a search warrant was not necessary. See Payton v. New York, 445 U.S. 573 (1980) (holding that an arrest warrant for a suspect permits officers to enter what they reasonably believe is that suspect's residence when they reasonably believe the suspect is present there). The facts of this case make Steagald inapplicable and Payton controlling. Consequently, the arrest was properly executed.

Having determined that the agents' entry to the apartment was legal, the remaining matter is whether the seizure was legal. The

Criminal No. 06-019 (JAG)                                              5

defendant objects to the Magistrate-Judge's conclusions of fact having to do with how the agents came across the seized property, since defendant's new theory of the case is not supported by said findings.  In his Motion to Suppress, the defendant relates that he was lying on a bed sleeping at the time of the arrest.  Now, in his objection to the Report and Recommendation, he tells a different story regarding the events surrounding his arrest, claiming that he was arrested as he stood behind Manzo Garcia, who was at the front door when the PRPD officers first entered the apartment.  His argument now is that the seized evidence, since it was found in another room, was not in plain view when the officers arrested him by the front door.  It is quite convenient for the defendant to change his theory of the case at this point, but it is unacceptable. The defendant had his chance to present evidence to support his motion to suppress and based on what was put before the Magistrate-Judge, certain findings were made.  It was found, and the Court will not alter the finding because it is not clearly erroneous, that defendant was sleeping in the bedroom where all the seized items were found at the time of the arrest.  The evidence shows that the agents found the illegal property in plain view next to the defendant after the arrest had taken place.  Consequently, the seizure falls squarely into the plain view exception of the warrant requirement.  Since the PRPD officers successfully executed the

Criminal No. 06-019 (JAG)                                                    6

arrest warrant against defendant and there was no unreasonable seizure in this case, there is no constitutional violation.

Defendant further alleges that his new version of the facts regarding where he was at the time of the arrest would be confirmed by Manzo Garcia's testimony and that the government made said material witness unavailable in violation of his constitutional rights.  Up until this point, defendant held that the material witness's testimony had to do with the ownership of the house where the arrest was executed.  Based on the facts presented up to the Suppression Hearing, the Magistrate-Judge concluded that Manzo Garcia's testimony is irrelevant as to the legality of the entry and search and consequently, would not prove exculpatory at trial.  All of a sudden, the material witness has something to say about the events surrounding defendant's arrest.  Again, defendant himself admitted in his Motion to Suppress that he was arrested while lying on a bed.  Defendant cannot now change what he had put forth as the potential testimony of an alleged material witness so as to support his new theory of the case, especially if that potential testimony is in direct contradiction to his own allegations.

For the reasons set forth in the Report and Recommendation and in this Memorandum and Order, the Court finds that (1) the seizure of the items found in the Cordillera Ward apartment was legal and (2) the government did not violate the defendant's constitutional rights regarding the unavailability of the alleged material witness.

Criminal No. 06-019 (JAG)                                              7

Accordingly, the Court **ADOPTS** the Report and Recommendation in its entirety, **DENIES** defendant's motion to suppress and **DENIES** defendant's motion to dismiss.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 13th day of February, 2007.

                                                S/Jay A. Garcia-Gregory
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge